UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JERMAINE CARPENTER, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3141 |
| JERRY KUNKEL, et al., | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma

pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

On May 4, 2014, Plaintiff covered up the window to his room at the Rushville Treatment and Detention Center in order to have privacy while Plaintiff used the toilet. Defendant Baptist, who was collecting dinner trays, opened the chuck hole to Plaintiff's room, infringing on Plaintiff's privacy. Plaintiff protested, to which Baptist responded with rude comments. Plaintiff then asked to speak to a

supervising guard about Baptist's unprofessional behavior. This caused Baptist to call a "code," which resulted in several guards coming to the area. Plaintiff was required to accept a two hour "cool down" even though Plaintiff had done nothing wrong.

Defendant Baptist wrote a false incident report against Plaintiff. Defendants Groot and Jumper presided over Plaintiff's disciplinary hearing, even though Groot and Jumper are Defendants in Plaintiff's other pending lawsuits. Groot and Jumper were biased, punishing Plaintiff in retaliation for the lawsuits. Plaintiff was not allowed to provide exonerating evidence from witnesses. Plaintiff received 14 days of segregation for his punishment, which included the confiscation of his audio-visual equipment.

## ANALYSIS

Procedural due process rights are not triggered until a constitutionally significant deprivation is at stake. In Miller v. Dobier, 634 F.3d 412 (7th Cir. 2011), the Seventh Circuit held that the imposition of "close" status at the Rushville Treatment and Detention Center did not trigger procedural due process protections. However, whether Plaintiff suffered the same kind of close status as in Miller cannot be determined at this point.

Accordingly, a procedural due process claim will proceed against Defendants Jumper, Groot, and James Haage. A retaliation claim will proceed against Defendants Jumper and Groot for allegedly retaliating against Plaintiff because of Plaintiff's lawsuits against them. A retaliation claim will also proceed against Defendant Baptist for allegedly filing a false report against Plaintiff in retaliation for Plaintiff's objections to Baptist's alleged disrespectful behavior.

The Court cannot discern a federal claim against the remaining Defendants. Liberty Healthcare and the Security Director cannot be held liable for the constitutional violations of employees or subordinates. <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). The other Defendants were involved in confiscating Plaintiff's audio-visual equipment for two weeks as part of his punishment. Confiscation of audio-visual equipment for two weeks does not rise to the deprivation of a constitutional interest, even if the confiscation were unfair.

**IT IS ORDERED:**

1. The hearing scheduled for October 15, 2013 is cancelled. The clerk is directed to notify Rushville Treatment and Detention Center of the cancellation.

2. Plaintiff's petition to proceed in forma pauperis is granted (d/e 3). Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following federal constitutional claims: 1) procedural due process claim against Defendants Groot, Haage, and Jumper; 2) First Amendment claim against Defendants Groot and Jumper for retaliating against Plaintiff for Plaintiff's lawsuits; 3) First Amendment claim against Defendant Baptist for retaliating against Plaintiff for Plaintiff's complaints about Baptist's alleged disrespectful behavior. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. Defendants Kunkell, Liberty Healthcare, M. Jackson, Norman, Wear, and Baptist are dismissed for failure to state a claim against them.

4. Based on the Court's experience in other cases, Defendant "Hagee" is spelled "Haage."

5. Plaintiff's motion to correct the spelling of Defendant Kunkell's name is denied as unnecessary (d/e 6).

6. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 60 days of the entry of this order, Plaintiff may file a motion requesting the status of service.

8. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used

only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    9. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    10. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

    11. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    12. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    13. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    14. **IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: 1) attempt service on Defendants pursuant to the standard procedures; 2) correct the spelling of Defendant "Hagee" to Defendant "Haage."; and, 3) set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service.

ENTERED: October 8, 2013

FOR THE COURT:                 *s/Sue E. Myerscough*
                                         SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE